**In the Matter of Robert J. BROWN.**

**No. 281S42.**

Supreme Court of Indiana.

Jan. 15, 1982.

Robert J. Brown, pro se.

Sheldon A. Breskow, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

The Disciplinary Commission of the Indiana Supreme Court and Robert J. Brown, Respondent herein, have submitted for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline pursuant to Admission and Discipline Rule 23, Section 11(d). The Respondent has submitted the requisite affidavit pursuant to Admission and Discipline Rule 23, Section 17(a). Upon examination of the matters which have been submitted, this Court now finds that the agreement of the parties should be accepted and approved.

Accordingly, we find that the Respondent was admitted to the Bar of this State on May 17, 1962. He was retained as attorney for an estate and by March 29, 1978, he had completed the various administrative necessities therein, including the approval of a Petition for Allowance of Fees to Personal Representative and Attorney. Respondent failed to make any progress from March 29, 1978, to November 29, 1979. On this latter date, Respondent filed an Inheritance Tax Schedule which was improperly computed. We find further that after a grievance was filed with the Disciplinary Commission concerning this matter, the Respondent wrote the Commission on August 20, 1979, and advised that he had filed the Inheritance Tax Schedule, and on October 18, 1979, he

wrote that the tax had been determined and paid. In fact, the tax was not paid until September 2, 1980. By his conduct Respondent failed to pursue his client's interests zealously and neglected a legal matter entrusted to his care in violation of Disciplinary Rules 6–101(A)(3) and 7–101(A)(1), (2) and (3) of the *Code of Professional Responsibility for Attorneys at Law.* Furthermore, Respondent's conduct involved dishonesty, deceit and misrepresentation and is prejudicial to the administration of justice in violation of Disciplinary Rules 1–102(A)(4) and (5) of the *Code of Professional Responsibility for Attorneys at Law.*

We find further that Respondent was the attorney for the estate of Wesley Voris. On or before March 28, 1979, all creditors of said estate had been satisfied and during 1979 and 1980 Respondent advised the beneficiaries that he was ready to close the estate. However, the estate has not been closed. By such conduct the Respondent has failed to pursue the objectives of his clients and has neglected a legal matter entrusted to his care, thereby violating Disciplinary Rules 6–101(A)(3) and 7–101(A)(1), (2) and (3) of the *Code of Professional Responsibility for Attorneys at Law.*

When a client retains an attorney he expects and should receive complete legal assistance, including prompt and efficient completion of all legal matters. This service is part and parcel of the fiduciary relationship which should exist between a lawyer and his client. Unfortunately, it appears that Respondent failed to realize the importance of prompt attention to client's interests, regardless of monetary significance which may be involved. In light of the foregoing considerations, the agreed discipline is approved. Therefore, it is hereby ordered that Respondent be and he hereby is reprimanded and admonished.

Costs of these proceedings are assessed against the Respondent.